UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAW OFFICES OF MICHAEL A. CERVINI, P.C., MICHAEL A. CERVINI, P.C., and MICHAEL A. CERVINI, *Plaintiffs*, – against – PHILIP J. SERVIDER, *Defendant*. | **MEMORANDUM & ORDER** 25-cv-03298 (NCM) (TAM) |

**NATASHA C. MERLE**, United States District Judge:

Plaintiffs Michael A. Cervini, Michael A. Cervini, P.C, and Law Offices of Michael A. Cervini, P.C. request a pre-motion conference in anticipation of moving to remand the instant case to state court on the basis that this Court lacks subject-matter jurisdiction. Plaintiffs argue that this suit involves no federal question and thus does not qualify for subject-matter jurisdiction in the federal courts. For the reasons stated below, the Court finds that it lacks subject-matter jurisdiction over this matter. Accordingly, the request for a pre-motion conference is denied as moot, and the case is remanded to state court under 28 U.S.C. § 1447(c).

BACKGROUND

This lawsuit arises from a dispute between defendant Philip J. Servider ("Client") and his former legal counsel, plaintiffs Michael A. Cervini, Michael A. Cervini, P.C., and Law Offices of Michael A. Cervini, P.C. (collectively, "Attorney"). According to the complaint, in 2014, Client hired Attorney to represent him in a personal injury lawsuit

against the City of New York. Compl. ¶¶ 6–7, ECF No. 1 at 26.[1] The retainer agreement specified that if there was a resolution through settlement or a court verdict, expenses paid out by Attorney would be deducted from the settlement or verdict and Attorney would also be paid one third of the net recovery. Compl. ¶ 8. Attorney prosecuted the case and spent $18,819.40 in expenses. Compl. ¶ 9. Eventually, the City of New York agreed to pay Client $750,000 to settle the personal injury claim. Compl. ¶ 9. Attorney alleges that Client agreed to the settlement but thereafter refused to sign the necessary settlement documents. Compl. ¶¶ 10–11. On February 13, 2023, Attorney filed a lawsuit against Client in the Supreme Court of the State of New York, Queens County, raising a claim for breach of contract. Compl. ¶ 12.

On June 12, 2025, Client filed a Notice of Removal of the state court breach of contract suit. *See* Notice of Removal, ECF No. 1. On June 30, 2025, Attorney filed a motion for a pre-motion conference in anticipation of moving to remand the action to state court, ECF No. 5, but did not set forth the basis for the anticipated motion as required by Rule III.A.2 of this Court's Individual Practice Rules, *see* ECF Order dated July 2, 2025. On July 25, 2025, Attorney supplemented his motion, explaining that he anticipated moving to remand on the basis that the complaint "makes no reference to any Federal law which would form a basis for the Eastern District of New York to have jurisdiction." Mot. 2, ECF No. 11. On July 31, 2025, Client filed a letter opposing the request for a pre-motion conference, arguing among other things that it is false that the case "does not contain a single Federal issue" because the case relates to "Medicare Law" and "Medicare fraud." Opp'n 1–3, ECF No. 12.

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers stamped on the document's ECF header.

2

## DISCUSSION

A defendant sued in state court may remove to federal court any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.* 30 F.3d 298, 301 (2d Cir. 1994).[2] A claim typically may only be removed to federal court if it could have been filed in federal court at the outset. *See Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485–86 (2d Cir. 1998). A court may remand a removed case to state court *sua sponte* if it finds that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 10 (E.D.N.Y. 2005) (holding that district court has authority to remand *sua sponte* and without notice when it is clear that the court lacks subject-matter jurisdiction).

The Court finds that the case must be remanded because the Court lacks any basis for subject-matter jurisdiction. There are two typical bases for subject-matter jurisdiction in federal court: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331–1332. Here, the removing party does not invoke diversity jurisdiction and no party has alleged that the parties are of diverse citizenship. *See* Notice of Removal 1–25; *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that to invoke diversity jurisdiction, "diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

parts of the record"). Accordingly, the Court has no basis to find subject-matter jurisdiction on the basis of diversity of citizenship.

Furthermore, this case does not qualify for federal question jurisdiction because no issue of federal law appears on the face of a well-pleaded version of the complaint. Under the well-pleaded complaint rule, also known as the face of the complaint rule, federal question jurisdiction applies "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). It is not sufficient that issues of federal law might be a valid defense to the claims or that the court may need to interpret federal law to resolve the suit. *Sullivan v. Am. Airlines*, Inc., 424 F.3d 267, 271 (2d Cir. 2005). Rather, the only factor that matters for federal question jurisdiction is whether a well-pleaded version of the complaint would be based on federal law. In the present case, Attorney's complaint raises only state-law contract claims and contains no claims based on federal law. *See* Compl. ¶¶ 1–20. Therefore, federal question jurisdiction under 28 U.S.C. § 1331 is not present.

Plaintiff's argument that a well-pleaded version of the complaint would be based on federal law governing Medicare or federal tax law is without merit. *See* Notice of Removal 1–2. A "corollary to the well-pleaded-complaint rule" known as the "artful-pleading doctrine" holds that "a plaintiff may not defeat federal subject-matter jurisdiction by artfully pleading his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." *Sullivan*, 424 F.3d at 271; *see also Romano v. Kazacos*, 609 F.3d 512, 519 (2d Cir. 2010) ("[C]ourts look beyond the face of an artfully pled complaint to determine whether plaintiff has clothed a federal law claim in state garb by pleading state law claims that actually arise under federal law."). Client argues that "[t]he complaint

4

purposely omits the material fact of its encompassed relationship with Federal Law." Notice of Removal 1. Specifically, Client argues that Attorney's lawsuit seeks to force Client to sign documents that contain fraudulent representations about Medicare and that will result in the City of New York paying less of Client's medical bills than it should and the Medicare program paying more than it should, in violation of a specific federal statute. Notice of Removal 1. Client also argues that Attorney intends to commit federal tax fraud by surreptitiously pocketing a portion of the settlement proceeds on which he will not pay federal taxes. Notice of Removal 2. Even accepting these allegations as true, they do not bear on the legal basis of the claims in Attorney's complaint. Instead, Client's arguments at most would show that the case might involve a defense based on federal law or require an interpretation of federal law, which is not sufficient to establish federal question jurisdiction. *Sullivan*, 424 F.3d at 271. Accordingly, the Court concludes that a well-pleaded version of the complaint would not be based on federal law and thus the Court does not have federal question jurisdiction over this suit.[3]

## CONCLUSION

Attorney's motion for a pre-motion conference in anticipation of moving to remand is denied as moot. The Court *sua sponte* remands this action to the Supreme Court of the State of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court

---

[3] Because the Court is issuing a *sua sponte* remand order under 28 U.S.C. § 1447(c) on the basis that the Court lacks subject-matter jurisdiction, the Court does not consider other, non-jurisdictional reasons why remand might be proper, such as the rule that a notice of removal must be filed within 30 days of a defendant's receipt of the initial pleading, 28 U.S.C. § 1446(b)(1), or rule that cases removable solely on the basis of diversity jurisdiction may not be removed if any served defendant is a citizen of the state in which the action is brought, 28 U.S.C. § 1441(b)(2). *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (30-day requirement is not jurisdictional); *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005) (forum-defendant rule is not jurisdictional).

is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Queens, to mail a copy of this Order to defendant Servider, and to close the case in this Court.

**SO ORDERED.**

*/s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:     October 28, 2025
           Brooklyn, New York